**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALEXANDER DAWKINS,
VON JENNINGS,
LAMAR NIXON, and
THOMAS WATSON, Jr.,

        Plaintiffs,

vs.                                                                         Case No. 3:05-cv-559-J-32MMH

PICOLATA PRODUCE FARMS, INC.,
RUFS POTATO COMPANY, INC.,
GREGORY W. JONES,
MARK H. JONES, and
RONALD UZZLE,

        Defendants.

## **ORDER**

This case, involving migrant and seasonal agricultural workers who worked on potato farm operations in Florida and Maryland, is before the Court on Defendants' Motions to Dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, (Docs. 10, 11, 12, 14), and Plaintiffs' Response thereto. (Doc. 21.)

In their complaint, the agricultural workers, plaintiffs Alexander Dawkins ("Dawkins"), Von Jennings ("Jennings"), Lamar Nixon ("Nixon"), and Thomas Watson, Jr. ("Watson", and collectively "Plaintiffs") allege in Count 1 through Count IV of their complaint that defendants Picolata Produce Farms, Inc. ("Picolata Produce"), Rufs Potato Co., Inc. ("Rufs Potato Co."), Gregory W. Jones ("Gregory Jones"), Mark H.

Jones ("Mark Jones" or "the Joneses" and all movants collectively as "Defendants"), and Ronald Uzzle ("Uzzle") violated provisions of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 et seq. ("MSAWPA"), and the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). (Doc. 1.)[1] Plaintiffs seek declarative and injunctive relief, monetary damages, attorneys' fees, and costs from Defendants. (Id.)

Defendants Gregory Jones and Mark Jones, in their Motions to Dismiss, request the Court to dismiss Counts I through IV of the complaint against them for failure to state a claim, contending that they are not "agricultural employers" as defined by the MSAWPA, 29 U.S.C. § 1802(2), (Doc. 10, ¶¶ 7, 16; Doc. 12, ¶¶ 7, 16) or "employers" under the FLSA, 29 U.S.C. § 203(d), (Doc. 10, ¶ 15; Doc. 12, ¶ 15); that they are not subject to the provisions of the MSAWPA pursuant to the family

---

[1] As to each of the first four counts of the complaint, the plaintiffs asserting the claim and the defendants named vary, depending upon the facts alleged therein. Specifically, in Count I, plaintiffs Dawkins and Watson allege defendants Rufs Potato Co., the Joneses, and Uzzle violated the MSAWPA in connection with events alleged to have occurred in Maryland in 2003. (Doc. 1, ¶¶ 13-33.) In Count II, plaintiff Nixon sues defendants Picolata Produce, the Joneses, and Uzzle under the MSAWPA in connection with events alleged to have occurred in Florida in 2004. (Doc. 1, ¶¶ 34-52.) In Count III, plaintiff Jennings alleges defendants Rufs Potato Co., the Joneses, and Uzzle violated the MSAWPA in connection with events alleged to have occurred in Maryland in 2004. (Doc. 1, ¶¶ 53-71.) And in Count IV, all four plaintiffs allege that all five defendants violated the FLSA in connection with events alleged to have occurred during the 2003 and 2004 harvest seasons in Maryland and Florida. (Doc. 1, ¶¶ 72-82.)

In Count V, all four plaintiffs allege that defendant Uzzle violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. ("RICO"). (Doc. 1, ¶¶ 83-100.) Inasmuch as Defendant Uzzle filed an Answer and Affirmative Defenses (Doc. 9), to the complaint, the allegations of Count V of the complaint are not now before the Court.

business exemption, 29 U.S.C. § 1803(a)(1), (Doc. 10, ¶¶ 9, 10; Doc. 12, ¶¶ 9, 10); and that they have no personal liability. (Doc. 10, ¶¶11, 12, 14; Doc. 12, ¶¶ 11, 12, 14.) They support their motions with their own affidavits, respectively. (Docs. 22, 13).

Defendant Picolata Produce seeks to have Counts II and IV dismissed against it, (Doc. 14), contending that it is not an "agricultural employer" as defined by the MSAWPA, 29 U.S.C. § 1802(2), (Doc. 14, ¶¶ 7, 14), or "employer" under the FLSA, 29 U.S.C. § 203(d) (Doc. 14, ¶ 13); and that it is not subject to the provisions of the MSAWPA pursuant to the family business exemption. 29 U.S.C. § 1803(a)(1). (Doc. 14, ¶¶ 9, 10.) Picolata Produce submits the affidavit of Mark H. Jones as president and authorized agent in support of its motion. (Doc. 15.)

Defendant Rufs Potato Co. moves to dismiss Counts 1, III, and IV, (Doc. 11), contending that it is not an "agricultural employer" for purposes of the MSAWPA, 29 U.S.C. § 1802(2), (Doc. 11 ¶¶ 7, 14), or "employer" under the FLSA, 29 U.S.C. § 203(d) (Doc. 11, ¶ 13); and that it too falls under the MSAWPA family business exemption. 29 U.S.C. § 1803(a)(1). (Doc. 11, ¶¶ 9, 10.) Rufs Potato Co. submits the affidavit of Mark H. Jones as director and authorized agent in support of its motion. (Doc. 16.)

**I.    Standard**

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, consider the allegations in the

light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  A complaint may not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Lopez v. First Union Nat'l Bank, 129 F.3d 1186, 1189 (11th Cir. 1997)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  To satisfy the "short plain statement" pleading requirements Rule 8, Federal Rules of Civil Procedure, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto.  GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993).  While the Court may convert a motion to dismiss to a motion for summary judgment and consider matters submitted outside the pleadings, the decision to do so is within the Court's discretion.  Fed. R. Civ. P. 12(b).  See also Jones v. Automobile Ins. Co. of Hartford, 917 F.2d 1528, 1531-32 (11th Cir. 1990); Ware v. Associated Milk Producers, Inc., 614 F.2d 413, 414-15 (5th Cir. 1980).[2]

At this early stage of the litigation, and given the limited nature of the supporting

---

[2] The Eleventh Circuit, in Bonner v. City of Prichard, Ala., 661 F.2d 1206 (11th Cir. 1981), adopted Fifth Circuit rulings before October 1, 1981, as binding precedent upon the Eleventh Circuit.

affidavits Defendants provided, the Court finds that it would be premature to convert Defendants' motions to dismiss to motions for summary judgement, particularly given the factual nature of the issues raised in Defendants' motions to dismiss. Therefore, the Court will not consider the affidavits submitted by Defendants.

## II.     Discussion

Under the MSAWPA, the term "agricultural employer" means

> any person who owns or operates a farm, ranch, processing establishment, cannery, gin, packing shed or nursery, or who produces or conditions seed, and who either recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker.

29. U.S.C. § 1802(2).  For purposes of the FLSA, "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).  Liability under both statutes depends on whether the defendant "employs" the plaintiff farm worker.  Antenor v. D & S Farms, 88 F.3d 925, 929 (11th Cir. 1996).  An entity "employs" a person under the FLSA and the MSAWPA if it "suffers or permits" the individual to work, see 29 U.S.C. § 203(g); 29 U.S.C. § 1802(5), which occurs when, as a matter of economic realty, the worker is economically dependent upon the employer.  Antenor, 88 F.3d at 929.  Under both statutory schemes, a worker can be economically dependent on, and thus jointly employed by, more than one person or entity at the same time.  Antenor, 88 F.3d at 929.  Determination of whether or not a person or entity is an "employer" or "joint

employer," and whether the worker is an "employee" for purposes of these two statutes involves an inquiry into all of the facts and circumstances in the particular case, guided by an analysis of an array of factors. See Martinez-Mendoza v. Champion Int'l Corp., 340 F.3d 1200, 1208-15 (11th Cir. 2003); Charles v. Burton, 169 F.3d 1322, 1328-34 (11th Cir. 1999); Antenor, 88 F.3d at 930 n.6, 932-38; Aimable v. Long and Scott Farms, 20 F.3d 434, 438-45 (11th Cir. 1994); see also e.g. Patel v. Wargo, 803 F.2d 632, 634, 637-38 (11th Cir. 1986)("corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages"; district court makes findings of fact to lead to legal determination whether individual corporate officer and shareholder is an "employer" within the meaning the FLSA).

These are all fact intensive inquiries that need to be developed, and are not readily amenable to resolution on motion to dismiss.

Likewise, the MSAWPA's family business exemption, which provides that any individual who engages in a farm labor contracting activity[3] on behalf of a farm owned or operated exclusively by that individual or an immediate family member is not subject to the provisions of the Act, 29 U.S.C. § 1803(a)(1), involves an analysis of

---

[3] A "farm labor contracting activity" under the MSAWPA means "recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or seasonal agricultural worker." 29 U.S.C. § 1802(6). To qualify for the family business exemption, the family must carry out all of these functions. Calderon v. Witvoet, 999 F.2d 1101, 1103 (7th Cir. 1993).

the particular facts and circumstances of a case. See Flores v. Rios, 36 F.3d 507, 510 (6th Cir. 1994) (court evaluating farmer's claim to family business exemption must conduct a two-step analysis of 1) identifying labor contracting activities involved in the farm's operation, and 2) ascertaining whether these activities were performed exclusively by members of the farmer's family); Bueno v. Mattner, 829 F.2d 1380, 1383 (6th Cir. 1987) (district court made factual finding in determining that defendants did not qualify for exemption). Indeed, "[t]he performance of any farm labor contracting activity by a non-family member 'spoils' an agricultural employer's claim to the family business exemption." Flores, 36 F.3d at 510. See also Malacara v. Garber, 353 F.3d 393, 399 (5th Cir. 2003)[4].

In their complaint, Plaintiffs alleged that "they were employed on the farm operations of Defendants Picolata Produce Farms, Inc., Rufs Potato Company, Inc., Gregory Jones and Mark Jones in Florida and Maryland on agricultural labor crews supervised by Defendant Uzzle." (Doc. 1, ¶ 2.) Plaintiffs allege that defendant Uzzle, as a farm labor contractor within the meaning of the MSAWPA, 29 U.S.C. § 1802(7), for a fee, "recruited, solicited, hired, transported or furnished the Plaintiffs and other

---

[4] Defendants Picolata Produce, Rufs Potato Co. and the Joneses, all assert the family business exemption, which requires that no farm labor contracting activity be conducted by anyone except family, while at the same time alleging in their motions to dismiss that defendant Uzzle was the actual employer of the Plaintiffs. (Doc. 10, ¶¶ 5, 8, 15, 16; Doc. 11, ¶¶ 5, 8, 13, 14; Doc. 12, ¶¶ 5, 8, 15, 16; Doc. 14, ¶¶ 5, 8, 13, 14.) Defendants have nowhere alleged that Uzzle is a family member. See Soto v. McLean, 20 F. Supp.2d 901, 909 n.2 (E.D.N.C. 1998).

7

agricultural workers for agricultural employment" (Doc. 1, ¶ 12), by defendants Picolata Produce, Rufs Potato Co. and the Joneses. (Doc. 1, ¶¶ 15-17, 19, 36-38, 40, 55-57, 59.) Plaintiffs allege in their complaint that defendants Picolata Produce, Rufs Potato Co. and the Joneses were "agricultural employers," "employers," or "joint employers" as defined by the MSAWPA and FLSA, (Doc. 1, ¶¶ 8-11), and that the Defendants, by their conduct, according to the allegations set forth in the complaint, committed numerous violations of both the MSAWPA, (see Doc. 1, ¶¶ 18, 20-22, 26, 27, 29-32, 39, 41-43, 47-51, 58, 60-62, 66-70), and the FLSA. (See Doc. 1 ¶¶ 74-81.)

Defendants, in their motions to dismiss, in essence, deny the allegations of the complaint, and ask the Court to examine factual assertions outside the four corners of the complaint, which the Court, when considering a Rule 12(b)(6) motion, cannot do.

Excluding from consideration the affidavits submitted by Defendants for the reasons set forth herein, and taking the facts alleged in the complaint as true and viewing them in a light most favorable to the Plaintiffs, the Court finds the complaint gives the Defendants fair notice of what the Plaintiffs' claims are and the grounds upon which they rest, and that Plaintiffs have stated a claim for relief against defendants Picolata Produce, Rufs Potato Co., Mark Jones, and Greg Jones, for alleged violations of the MSAWPA and FLSA.

### III.     Conclusion

For these reasons, it is hereby **ORDERED:**

1.     Defendant Gregory W. Jones' Motion to Dismiss (Doc. 10), Defendant Mark H. Jones' Motion to Dismiss (Doc. 12), Defendant Rufs Potato Company, Inc.'s Motion to Dismiss (Doc. 11), and Defendant Picolata Produce Farms, Inc.'s Motion to Dismiss (Doc. 14) are all **DENIED**;

2.     Defendants Gregory W. Jones, Mark H. Jones, Rufs Potato Company, Inc. and Picolata Produce Farms, Inc. must file an answer to the complaint on or before December 16, 2005.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of November, 2005.

_____
TIMOTHY J. CORRIGAN
United States District Judge

j.
Copies:
Counsel of Record