## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**CHARLES CALICUTT,**
**RICKY GASTON,**
**ANDREW KING, and**
**RYAN SMITH**

      **Plaintiffs,**

**v.**

                                          **CIVIL ACTION**
                                          **NO. 3:05-cv-559-J-32MMH**

**PICOLATA PRODUCE FARMS, INC.,**
**RUFS POTATO COMPANY, INC.,**
**GREGORY W. JONES,**
**MARK H. JONES, and**
**RONALD UZZLE,**

      **Defendants.**

_____/

## ORIGINAL COMPLAINT
## FOR DAMAGES, DECLARATORY RELIEF
## <u>AND INJUNCTIVE RELIEF.</u>

### <u>PRELIMINARY STATEMENT</u>

    1. This is an action by migrant farmworkers Charles Calicutt, Ricky Gaston, Andrew King and Ryan Smith to secure and vindicate rights afforded them by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801 <u>et</u> <u>seq</u>., the Fair Labor Standards Act, 29 U.S.C. §§201 <u>et</u> <u>seq</u>., and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, <u>et</u> <u>seq</u>..

2.  Plaintiffs bring this action for the unlawful practices of Defendants during the 2003 and 2004 potato harvest seasons while they were employed on the farm operations of Defendants Picolata Produce Farms, Inc., Rufs Potato Company, Inc., Gregory Jones and Mark Jones in Florida and Maryland on agricultural labor crews supervised by Defendant Ronald Uzzle.    Plaintiffs bring this action for the systematic deprivation of their rights in their employment by Defendants in violation of labor standards and racketeering laws.   Due to a system of coercion and intimidation of workers to extort payment of illegal charges, including for 100% interest imposed for advances of wages, for kickback payments, and for claimed debts to their crewleaders, the Plaintiffs were routinely deprived of virtually all of their wages, leaving them trapped in a cycle of debt and coercion to pay off the debts claimed owed to their employers' agents.  In their employment by Defendants, Plaintiffs were denied important substantive protections of the Migrant and Seasonal Agricultural Worker Protection Act  ("AWPA"), 29 U.S.C. §§1801 et seq., including those afforded by the wage payment, working arrangement,  record keeping, wage statement, and retaliation provisions of that Act.   Furthermore, Plaintiffs bring claims under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. §§201 et seq., for Defendants' failure to pay the minimum wage for their labor.   Finally, Plaintiffs bring this action under the Racketeer Influenced and Corrupt Organizations Act,  ("RICO"), 18 U.S.C. §§ 1961, et seq., for deprivations of their rights and damages suffered in the worker exploitation scheme operated by Defendant Uzzle of loan sharking,

extortion and collection of unlawful debts throughout their employment by Defendants.

3.  The Plaintiffs seek relief including declaratory and injunctive relief, compensatory and statutory damages, treble damages and costs of litigation to redress these violations of law.

## JURISDICTION

4.  Jurisdiction is conferred upon this Court by 29 U.S.C. § 1854(a), this action arising under the  AWPA; by 29 U.S.C. §216(b), this action arising under the FLSA; by 18 U.S.C. § 1964(c), this action arising under the RICO;  by 28 U.S.C. § 1337, this action arising under the Acts of Congress regulating commerce;  and by 28 U.S.C. § 1331, this action arising under the laws of the United States.

5.  This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

## VENUE

6.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c); pursuant to 29 U.S.C. § 1854(a); and under 18 U.S.C. § 1965(a).

## PARTIES

### A.  Plaintiffs

7.  Plaintiffs Charles Calicutt, Ricky Gaston, Andrew King and Ryan Smith,

(hereafter "Plaintiffs"), are adult migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A) and its implementing regulations, 29 C.F.R. §500.20(p), in that at all times relevant to this action, each was employed in agriculture of a seasonal nature and was required to be absent overnight from his permanent place of residence. At all times relevant to this action, the Plaintiffs were employed in the production of goods for sale in interstate commerce, as defined by the Fair Labor Standards Act.

## B. Defendants

8. Defendant Picolata Produce Farms, Inc. , (hereafter referred to as "Picolata Produce"), is a closely-held Florida corporation, at all times relevant to this action, licensed and authorized to do business within the State of Florida, with a principal place of business in St. Augustine, Saint Johns County, Florida. Picolata Produce is engaged in the production of vegetables in the Saint Johns County area for sale in interstate commerce. At all times relevant to this action in the 2003 and 2004 Florida harvest seasons, Defendant Picolata Produce was an agricultural employer within the meaning of the AWPA in that it operated a farm and employed Plaintiffs Gaston, King and Smith and other migrant or seasonal agricultural workers. At all times relevant to this action in the 2003 and 2004 Florida harvest seasons, Defendant Picolata Produce was an employer or joint employer of Plaintiffs Gaston (during 2003), King (during 2004), and Smith (during 2004), within the meaning of the FLSA, 29 U.S.C. §203(d).

4

9.  Defendant Rufs Potato Company, Inc., (hereafter referred to as "Rufs Potato Company"),  is a closely-held Florida corporation, now inactive,  at all times relevant to this action until September 16, 2005, licensed and authorized to do business within the State of Florida, with a principal place of business in Hurlock, Dorchester County, Maryland, and with agents and officers in St. Johns County, Florida.  Rufs Potato Company is engaged in the production of vegetables in the Hurlock, Maryland area for sale in interstate commerce. At all times relevant to this action in the 2003 and 2004 Maryland harvest seasons, Rufs Potato Company was an agricultural employer within the meaning of the AWPA in that it operated a farm and employed Plaintiffs Calicutt, Gaston and King and other migrant or seasonal agricultural workers.  At all times relevant to this action in the 2003 and 2004 Maryland harvest seasons, Defendant Rufs Potato Company was an employer or joint employer of Plaintiffs Calicutt (during 2003), Gaston (during 2003), and King (during 2004), within the meaning of the FLSA, 29 U.S.C. §203(d).

10.  Defendant Gregory W. Jones, (hereafter individually referred to as "Gregory Jones"), is a resident of Saint Augustine, Saint Johns County, Florida, and is an officer of Picolata Produce Farms, Inc. and Rufs Potato Company, Inc.. Defendant Gregory Jones is engaged in the production of vegetables in the areas of Saint Johns County, Florida and Dorchester County, Maryland for sale in interstate commerce. At all times relevant to this action, Defendant Gregory Jones was an agricultural employer within the meaning of the AWPA in that he operated a farm

and employed the Plaintiffs and other migrant or seasonal agricultural workers.  At all times relevant to this action, Defendant Gregory Jones was an employer or joint employer of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(d).

11.   Defendant Mark H. Jones, (hereafter individually referred to as "Mark Jones"), is a resident of Saint Augustine, Saint Johns County, Florida, and is an officer of Picolata Produce Farms, Inc. and Rufs Potato Company, Inc..   Defendant Mark Jones is engaged in the production of vegetables in the areas of Saint Johns County, Florida and Dorchester County, Maryland for sale in interstate commerce. At all times relevant to this action, Defendant Mark Jones was an agricultural employer within the meaning of the AWPA in that he operated a farm and employed the Plaintiffs and other migrant or seasonal agricultural workers.  At all times relevant to this action, Defendant Mark Jones was an employer or joint employer of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. §203(d).

12.   Defendant Ronald Uzzle, (hereafter referred to as Defendant "Uzzle"), is a resident of Elkton, Saint Johns County, Florida.  At all times relevant to this action Defendant Uzzle was a farm labor contractor within the meaning of the AWPA, 29 U.S.C. § 1802(7),  in that, for a fee he recruited, solicited, hired, transported or furnished the Plaintiffs and other agricultural workers for agricultural employment. At all times relevant to this action, Defendant Uzzle was an employer or joint employer of the Plaintiffs within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d).

6

## <u>COUNT I</u>

(MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

2003 Florida Potato Harvest Season

13.  This count sets forth a claim by Plaintiff Ricky Gaston for damages, declaratory relief, and injunctive relief with respect to violations of the AWPA and its attendant regulations by Defendants Gregory Jones, Mark Jones, (hereafter collectively referred to as Defendants Jones), Picolata Produce and Ronald Uzzle during the 2003 potato harvest season in and around Saint Johns County, Florida.

14.  The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 4 through 12 of this Complaint.

15.  In 2003, Defendants Jones and Picolata Produce engaged Defendant Uzzle to provide agricultural workers for their farm operations in the area of Elton, Saint Johns County, Florida during the 2003 potato harvest season. Under the terms of his agreement with Jones and Picolata Produce, Uzzle promised to act as an agent for these Defendants, and to do all things necessary, personally and through agents he obtained, to recruit, hire and provide sufficient labor to pack and grade these Defendants' potato crop.  Defendant Uzzle agreed to recruit and hire agricultural workers for these Defendants, to transport agricultural workers to and from these Defendants' job site on a daily basis, to provide time and wage records for the agricultural workers provided to Defendants, and to distribute and pay wages, while making required deductions, to the agricultural workers he furnished to these

Defendants.   Jones and Picolata Produce paid Uzzle a fee for providing these and other services.

16.   In the spring of 2003, Plaintiff Gaston was recruited and hired by Defendant Uzzle  for labor on Defendants Jones' and Picolata Produce's operations in the area of Molasses Junction, Florida.   Uzzle promised Plaintiff Gaston employment with Defendants packing their potatoes at gainful wages, implicitly guaranteeing payment of at least federal minimum wage of $5.15 an hour, with transportation and housing provided for the duration of the potato harvest in Florida.  Plaintiff Gaston agreed to accept Defendants' offer of employment and subsequently was transported by Uzzle to housing in Elkton, Florida, and employed on the operations of Jones and Picolata Produce in the area of Molasses Junction, Florida.

17.   The recruitment of Plaintiff Gaston described in paragraph 16 was performed by Uzzle in his capacity as an agent of Jones and Picolata Produce, which recruitment was subsequently ratified by Jones and Picolata Produce through their employment of  Plaintiff Gaston during the 2003 potato harvest season.

18.   At the time of his recruitment, Defendants Jones, Picolata Produce and Uzzle failed to provide Plaintiff Gaston with a written statement of the terms and conditions of the proffered employment, in violation of the AWPA, 29 U.S.C. § 1821(a), and its attendant regulations, 29 C.F.R. §500.75(b).

19.   Defendant Uzzle furnished Plaintiff Gaston in April, May  and June 2003

for agricultural labor grading and packing potatoes on the operations of Jones and Picolata Produce in the area of Molasses Junction, Florida.

20. In violation of the AWPA, 29 U.S.C. § 1822(a), Defendants Jones, Picolata Produce and Uzzle failed to pay Plaintiff Gaston his wages when due. Among other things, these Defendants claimed illegal credits and charges against Gaston's wages for "interest" (routinely at a rate of 100%), for claimed debts, and on other unaccounted grounds.

21. Defendants Jones, Picolata Produce and Uzzle failed to make, keep, and maintain records with respect to the labor of Plaintiff Gaston during the 2003 potato harvest season as required by the AWPA, 29 U.S.C. § 1821(d)(1), and attendant regulations, 29 C.F.R. §500.80. Among other things, these Defendants failed to make and keep records accurately reflecting and itemizing the charges imposed on Plaintiff Gaston's wages for interest on advances of wages, for rent, for payments on alleged debts, and for charges imposed on other unidentified grounds by Defendants and their agents.

22. Throughout the 2003 potato harvest season, Defendants Jones, Picolata Produce and Uzzle failed to provide Plaintiff Gaston at the time of payment of wages with accurate written statements setting forth all the data required to be disclosed pursuant to the AWPA, 29 U.S.C. §§1821(d)(2), and attendant regulations, 29 C.F.R. §500.80. What statements Defendant Uzzle showed to Plaintiff Gaston regarding his wages routinely misrepresented the wages paid, and did not itemize the charges

imposed on Plaintiff Gaston's wages for interest, rent, charges for alleged debts and on other unidentified grounds by Defendant Uzzle and Defendants' agents.

23. Over the course of employment with Defendants Jones, Picolata Produce and Uzzle during the 2003 Florida potato harvest season, Plaintiff Gaston resided in housing at the Rivercrest Motel in East Palatka, Florida, and at Uzzle's labor camp in Elkton, Florida, both of which were promised and provided as a benefit of employment with Defendants, which housing was owned or controlled by Defendant Uzzle.

24. Throughout the period during the 2003 Florida potato harvest season that Plaintiff Gaston resided at the Rivercrest Motel, and at housing in Elkton, Florida promised by Defendants, Uzzle failed to ensure that these facilities conformed to applicable federal and state safety and health standards. Among other things, the facilities were unsanitary, were overcrowded and lacked adequate beds and bathroom facilities for the number of occupants, in violation of the AWPA, 29 U.S.C. §§ 1823(a).

25. At no time during the employment of Plaintiff Gaston in the 2003 Florida potato harvest season was Defendant Uzzle authorized by the Secretary of Labor to provide housing to agricultural workers in the housing provided at the Rivercrest Motel, in violation of the AWPA, 29 U.S.C. § 1811(a) and its attendant regulations, 29 C.F.R. §500.40.

26. In violation of the AWPA, 29 U.S.C. § 1842, and its implementing

regulations 29 C.F.R. §500.71, Defendants Jones and Picolata Produce utilized the services of Defendant Uzzle to supply Plaintiff Gaston and other migrant agricultural workers in the 2003 potato harvest season without first taking reasonable steps to determine that Uzzle was authorized to engage in all activities for which he was utilized, including the housing of agricultural workers at the Rivercrest Motel.

27. In violation of the AWPA, 29 U.S.C. § 1822(c), Defendants Jones, Picolata Produce and Uzzle violated without justification their working arrangement with Plaintiff Gaston by failing to provide the wages, housing and conditions of gainful employment promised to Gaston at the time of his recruitment, as described in Paragraph 16.

28. Throughout his employment by Defendants in Florida during 2003, in response to his requests for his promised wages, Plaintiff Gaston was repeatedly intimidated, coerced and discriminated against by Defendant Uzzle and Defendants' agents. Among other things, Plaintiff Gaston was threatened with physical harm by Defendants' agents if he did not turn over his wages as demanded. By threatening Plaintiff Gaston and other workers with bodily harm if the claimed debts against wages were not paid when demanded, Defendants by their agents intimidated Plaintiff Gaston, and coerced him to relinquish the sums demanded from his wages. By these actions, Defendants intimidated, threatened, restrained, coerced and discriminated against Plaintiff Gaston for exercise with just cause of his rights and protections under the AWPA, in violation of the retaliation prohibition of the AWPA,

29 U.S.C. § 1855(a).

29.   All the acts and omissions alleged in this count were performed by Defendants either directly or through their agents who had actual or apparent authority to carry out such acts and omissions.

30.   The Defendants' violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate acts of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

31.   As result of the violations of the AWPA and its attendant regulations as set forth in this count, Plaintiff Gaston has suffered injuries and damages.

## COUNT II

(MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

2003 Maryland Potato Harvest Season

32.  This count sets forth a claim by Plaintiffs Charles Calicutt and Ricky Gaston for damages, declaratory relief, and injunctive relief with respect to violations of the AWPA and its attendant regulations by Defendants Gregory Jones, Mark Jones, Rufs Potato Company, Inc. and Ronald Uzzle during the 2003 potato harvest season in and around Dorchester County, Maryland.

33.  The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 4 through 12 of this Complaint.

34.  In 2003, Defendants Jones and Rufs Potato Company engaged Defendant Uzzle to provide agricultural workers for their farm operations in Hurlock, Dorchester County, Maryland during the 2003 potato harvest season. Under the terms of his agreement with these Defendants, Uzzle promised to act as an agent for these Defendants, and to do all things necessary, personally and through agents he obtained,  to recruit, hire and provide sufficient labor to pack and grade these Defendants' potato crop.  Defendant Uzzle agreed to recruit and hire agricultural workers for Defendants Jones and Rufs Potato Company, to transport agricultural workers to and from these Defendants' job site on a daily basis, to provide time and wage records for the agricultural workers provided to Defendants, and to distribute and pay wages, while making required deductions, to the agricultural workers he

furnished to these Defendants.   These Defendants paid Uzzle a fee for providing these and other services.

35.   In June 2003, Plaintiffs Calicutt and Gaston were recruited and hired by Defendant Uzzle for labor on the operations of Defendants Jones and Rufs Potato Company in Hurlock, Maryland.  Uzzle promised Plaintiffs Calicutt and Gaston employment with these Defendants packing their potatoes at gainful wages, implicitly guaranteeing payment of at least minimum wage of $5.15 an hour, with housing and transportation provided for the duration of the potato harvest in Maryland.  Plaintiffs Calicutt and Gaston agreed to accept Defendants' offer of employment, and subsequently were transported by Uzzle to housing in Seaford, Delaware, and employed on the operations of Jones and Rufs Potato Company in Hurlock, Maryland.

36.   The recruitment of Plaintiffs Calicutt and Gaston described in paragraph 35 was performed by Uzzle in his capacity as an agent of Jones and Rufs Potato Company, which recruitment was subsequently ratified by Jones and Rufs Potato Company through their employment of these Plaintiffs during the 2003 potato harvest season.

37.   At the time of their recruitment, Jones, Rufs Potato Company and Uzzle failed to provide Plaintiffs Calicutt and Gaston with an accurate written statement of the terms and conditions of the proffered employment, in violation of the AWPA, 29 U.S.C. § 1821(a), and its attendant regulations, 29 C.F.R. §500.75(b).

14

38.  Defendant Uzzle furnished Plaintiff Calicutt between July 2003 and September 2003, and Plaintiff Gaston during July 2003, for agricultural labor grading and packing potatoes on the operations of Jones and Rufs Potato Company in Hurlock, Maryland.

39.  In Plaintiffs Calicutt's and Gaston's employment during the 2003 potato harvest season, Defendants promised gainful employment, and implicitly promised payment of at least the federal minimum wage hourly wage rate of $5.15 an hour to them.

40.  In violation of the AWPA, 29 U.S.C. § 1822(a), Defendants Jones, Picolata Produce and Uzzle failed to pay Plaintiffs Calicutt and Gaston their wages when due. Among other things, these Defendants claimed illegal credits and charges against these Plaintiffs' wages for "interest" (routinely at a rate of 100%), for claimed debts, and on other unaccounted grounds.

41.  Defendants Jones, Rufs Potato Company and Uzzle failed to make, keep, and maintain records with respect to the labor of Plaintiffs Calicutt and Gaston during the 2003 Maryland potato harvest season as required by the AWPA, 29 U.S.C. § 1821(d)(1), and attendant regulations, 29 C.F.R. §500.80.  Among other things, the Defendants failed to make and keep records accurately reflecting and itemizing the credits claimed against each of these Plaintiffs' wages for charges for interest on loans advanced against wages, for rent, for payments on alleged debts, and for credits claimed on other unidentified bases by Defendant Uzzle and

Defendants' agents.

42. Throughout the 2003 potato harvest season, Defendants Jones, Rufs Potato Company and Uzzle failed to provide Plaintiff Calicutt, at the time of payment of wages, with accurate written statements setting forth all the data required to be disclosed pursuant to the AWPA, 29 U.S.C. § 1821(d)(2), and attendant regulations, 29 C.F.R. §500.80. What statements Defendant Uzzle showed to Plaintiff Calicutt regarding wages routinely misrepresented the wages paid, and did not itemize the credits claimed against this Plaintiff's wages for interest, rent, payments on alleged debts and on other unidentified grounds by Defendant Uzzle and Defendants' agents.

43. Over the course of their employment with Defendants during the 2003 potato harvest season, Plaintiffs Calicutt and Gaston resided at the Sunrise Motel in Seaford, Delaware, promised and provided as a benefit of their employment with Defendants, which was controlled by Defendant Uzzle and his agents.

44. Throughout the period during the 2003 potato harvest season that Plaintiffs Calicutt and Gaston resided at the Sunrise Motel, Uzzle failed to ensure that these facilities conformed to applicable federal and state safety and health standards. Among other things, the facilities had unsafe wiring, were unsanitary and overcrowded and lacked adequate beds for the number of occupants, in violation of the AWPA, 29 U.S.C. § 1823(a).

45. At no time during the 2003 potato harvest season was Defendant Uzzle

16

authorized by the Secretary of Labor to provide housing to agricultural workers at the Sunrise Motel. By housing Plaintiffs Calicutt and Gaston at the Sunrise Motel without receiving such authorization, Uzzle violated the AWPA, 29 U.S.C. §§ 18811(a) and its attendant regulations, 29 C.F.R. §§ 500.40.

46. In violation of the AWPA, 29 U.S.C. § 1842, and its implementing regulations 29 C.F.R. §500.71, Jones and Rufs Potato Company utilized the services of Uzzle to supply Plaintiffs Calicutt and Gaston and other migrant agricultural workers in the Maryland 2003 potato harvest season without first taking reasonable steps to determine that Uzzle was authorized to engage in all activities for which he was utilized, including the housing of agricultural workers at the Sunrise Motel.

47. In violation of the AWPA, 29 U.S.C. §§ 1822(c), Defendants Jones, Rufs, Potato Company and Uzzle without justification violated their working arrangement with Plaintiffs Calicutt and Gaston by failing to provide the wages, employment conditions, amount of work, and housing promised to these Plaintiffs under applicable law, and promised at the time of their recruitment, as described in Paragraph 35 .

48. During their employment by Defendants in Maryland during 2003, Plaintiffs Calicutt and Gaston were intimidated, coerced and discriminated against by Defendant Uzzle and Defendants' agents. Among other things, Plaintiffs Calicutt and Gaston were threatened with physical harm by Defendants' agents if each did

not turn over his wages for debts claimed by Defendants' agents. By threatening Plaintiffs Calicutt and Gaston and other workers with bodily harm if the claimed debts against wages were not paid when demanded, Defendants by their agents threatened, intimidated Plaintiffs Calicutt and Gaston and coerced each to relinquish his wages. By these actions, Defendants intimidated, threatened, restrained, coerced and discriminated against Plaintiffs Calicutt and Gaston for exercise with just cause of rights and protections under the AWPA, in violation of the retaliation prohibition of the AWPA, 29 U.S.C. § 1855(a).

49. All the acts and omissions alleged in this count were performed by Defendants either directly or through their agents who had actual or apparent authority to carry out such acts and omissions.

50. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate acts of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

51. As result of the violations of the AWPA and its attendant regulations as set forth in this count, Plaintiffs Calicutt and Gaston have suffered injuries and damages.

## COUNT III

(MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

2004 Florida Potato Harvest Season

52.  This count sets forth a claim by Plaintiffs Andrew King and Ryan Smith for damages, declaratory relief, and injunctive relief with respect to violations of the AWPA and its attendant regulations by Defendants Gregory Jones, Mark Jones, Picolata Produce and Ronald Uzzle during the 2004 potato harvest season in and around Saint Johns County, Florida.

53.  The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 4 through 12 of this Complaint.

54.  In 2004, Defendants Jones and Picolata Produce engaged Defendant Uzzle to provide agricultural workers for their farm operations in the area of Molasses Junction, Saint Johns County, Florida during the 2004 potato harvest season. Under the terms of his agreement with Jones and Picolata Produce, Uzzle promised to act as an agent for these Defendants, and to do all things necessary, personally and through agents he obtained, to recruit, hire and provide sufficient labor to pack and grade these Defendants' potato crop.  Defendant Uzzle agreed to recruit and hire agricultural workers for these Defendants, to transport agricultural workers to and from these Defendants' job site on a daily basis, to provide time and wage records for the agricultural workers provided to Defendants, and to distribute and pay wages, while making required deductions, to the agricultural workers he

furnished to these Defendants. Jones and Picolata Produce paid Uzzle a fee for providing these and other services.

55. In about May 2004, Plaintiffs King and Smith were recruited and hired by Defendant Uzzle for labor on Defendants Jones' and Picolata Produce's operations in the area of Molasses Junction, Florida. Uzzle promised Plaintiffs King and Smith employment with Defendants packing their potatoes at gainful wages, implicitly guaranteeing payment of at least federal minimum wage of $5.15 an hour, with transportation and housing provided for the duration of the potato harvest in Florida. Plaintiffs King and Smith agreed to accept Defendants' offer of employment and subsequently were employed on the operations of Jones and Picolata Produce in the area of Molasses Junction, Florida.

56. The recruitment of Plaintiffs King and Smith described in paragraph 55 was performed by Uzzle in his capacity as an agent of Jones and Picolata Produce, which recruitment was subsequently ratified by Jones and Picolata Produce through their employment of Plaintiffs King and Smith during the Florida 2004 potato harvest season.

57. At the time of their recruitment, Defendants Jones, Picolata Produce and Uzzle failed to provide Plaintiffs King and Smith with a written statement of the terms and conditions of the proffered employment, in violation of the AWPA, 29 U.S.C. § 1821(a), and its attendant regulations, 29 C.F.R. §500.75(b).

58. Defendant Uzzle furnished Plaintiffs King and Smith in May and June

2004 for agricultural labor grading and packing potatoes on the operations of Jones and Picolata Produce in the area of Molasses Junction, Florida.

59. In violation of the AWPA, 29 U.S.C. § 1822(a), Defendants Jones, Picolata Produce and Uzzle failed to pay Plaintiffs King and Smith their wages when due. Among other things, these Defendants claimed illegal credits and charges against these Plaintiffs' wages for "interest" (routinely at a rate of 100%), rent, claimed debts, and on other unaccounted grounds, as well as failing to pay each for all hours worked.

60. Defendants Jones, Picolata Produce and Uzzle failed to make, keep, and maintain records with respect to the labor of Plaintiffs King and Smith during the Florida 2004 potato harvest season as required by the AWPA, 29 U.S.C. § 1821(d)(1), and attendant regulations, 29 C.F.R. §500.80. Among other things, these Defendants failed to make and keep records accurately reflecting and itemizing the charges imposed on the wages of Plaintiffs King and Smith for interest on advances of wages, for rent, for payments on alleged debts, and for charges imposed on other unidentified grounds by Defendants and their agents.

61. Throughout the 2004 potato harvest season, Defendants Jones, Picolata Produce and Uzzle failed to provide Plaintiffs King and Smith at the time of payment of wages, with accurate written statements setting forth all the data required to be disclosed pursuant to the AWPA, 29 U.S.C. §§1821(d)(2), and attendant regulations, 29 C.F.R. §500.80. What statements Defendant Uzzle showed to Plaintiffs King and

Smith regarding wages routinely misrepresented the wages paid, and did not itemize the charges imposed on these Plaintiffs' wages for interest, rent, payments on alleged debts and on other unidentified grounds by Defendant Uzzle and Defendants' agents.

62. Over the course of employment with Defendants Jones, Picolata Produce and Uzzle during the 2004 potato harvest season, Plaintiffs King and Smith resided in housing at the Rivercrest Motel in East Palatka, Florida, and in addition, Plaintiff King resided at housing at Uzzle's labor camp in Elkton, Florida, both of which were promised and provided as a benefit of employment with Defendants, which housing was owned or controlled by Defendant Uzzle.

63. Throughout the period during the 2004 Florida potato harvest season that Plaintiffs King and Smith resided at the Rivercrest Motel, and Plaintiff King resided at Uzzle's labor camp housing in Elkton, Florida promised by Defendants, Uzzle failed to ensure that these facilities conformed to applicable federal and state safety and health standards. Among other things, the facilities were unsanitary, were overcrowded and lacked adequate beds and bathroom facilities for the number of occupants, in violation of the AWPA, 29 U.S.C. §§ 1823(a).

64. At no time during the employment of Plaintiffs King and Smith in the Florida 2004 potato harvest season was Defendant Uzzle authorized by the Secretary of Labor to provide housing to agricultural workers in the housing provided at the Rivercrest Motel, in violation of the AWPA, 29 U.S.C. § 1811(a) and its

attendant regulations, 29 C.F.R. §500.40.

65.  In violation of the AWPA, 29 U.S.C. § 1842, and its implementing regulations 29 C.F.R. §500.71, Defendants Jones and Picolata Produce utilized the services of Defendant Uzzle to supply Plaintiffs King and Smith and other migrant agricultural workers in the 2004 potato harvest season without first taking reasonable steps to determine that Uzzle was authorized to engage in all activities for which he was utilized, including the housing of agricultural workers at the Rivercrest Motel.

66.  In violation of the AWPA, 29 U.S.C. § 1822(c), Defendants Jones, Picolata Produce and Uzzle violated without justification their working arrangement with Plaintiffs King and Smith by failing to provide the wages, amount of work, conditions of gainful employment, and housing promised to these Plaintiffs at the time of recruitment, as described in Paragraph 55.

67.  Throughout their employment by Defendants in Florida during 2004, in response to the requests for the promised wages, Plaintiffs King and Smith were repeatedly intimidated, coerced and discriminated against by Defendant Uzzle and Defendants' agents.  Among other things, Plaintiffs King and Smith were threatened with physical harm if each did not turn over his wages as demanded.  By threatening Plaintiffs King and Smith and other workers with bodily harm if the claimed debts against wages were not paid when demanded, Defendants by their agents, intimidated Plaintiffs King and Smith, and coerced each to relinquish the sums

demanded from his wages.   By these actions, Defendants intimidated, threatened, restrained, coerced and discriminated against Plaintiffs King and Smith for exercise with just cause of rights and protections under the AWPA, in violation of the retaliation prohibition of the AWPA, 29 U.S.C. § 1855(a).

68.  All the acts and omissions alleged in this count were performed by Defendants either directly or through their agents who had actual or apparent authority to carry out such acts and omissions.

69.  The Defendants' violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate acts of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

70.  As result of the violations of the AWPA and its attendant regulations as set forth in this count, Plaintiffs King and Smith have suffered injuries and damages.

## <u>COUNT IV</u>

### (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

2004 Maryland Potato Harvest Season

71.  This count sets forth a claim by Plaintiff Andrew King for damages, declaratory relief, and injunctive relief with respect to violations of the AWPA and its attendant regulations by the Defendants Gregory Jones, Mark Jones, Rufs Potato Company and Ronald Uzzle during the 2004 potato harvest season in and around Hurlock, Maryland.

72.  The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 4 through 12 of this Complaint.

73.  In 2004, Defendants Jones and Rufs Potato Company engaged Defendant Uzzle to provide agricultural workers for their farm operations in the area of Hurlock, Dorchester County, Maryland during the 2004 potato harvest season. Under the terms of his agreement with Jones and Rufs Potato Company, Uzzle promised to act as an agent for these Defendants, and to do all things necessary, personally and through agents he obtained, to recruit, hire and provide sufficient labor to pack and grade these Defendants' potato crop.  Uzzle agreed to recruit and hire agricultural workers for Jones and Rufs Potato Company, to transport agricultural workers to and from these Defendants' job site on a daily basis, to provide time and wage records for the agricultural workers provided to them, and to distribute and pay wages, while making required deductions, to the agricultural

workers he furnished to these Defendants. Jones and Rufs Potato Company paid Uzzle a fee for providing these and other services.

74. In July 2004, Plaintiff Andrew King was recruited and hired by Defendant Uzzle for labor on Jones' and Ruf Potato Companies' operations in Hurlock, Maryland. Uzzle promised Plaintiff King employment with Defendants packing their potatoes at gainful wages, promising payment of at least $5.15 an hour, with housing and transportation provided for the duration of the potato harvest in Maryland. Plaintiff King agreed to accept Defendants' offer of employment, and was transported by Uzzle to Seaford, Delaware, where he was employed on the operations of Jones and Rufs Potato Company in Hurlock, Maryland.

75. The recruitment of Plaintiff King described in paragraph 74 was performed by Uzzle in his capacity as an agent of Jones and Rufs Potato Company, which recruitment was subsequently ratified by Jones and Rufs Potato Company through their employment of Plaintiff King during the 2004 Maryland potato harvest season.

76. At the time of his recruitment, Defendants Jones, Rufs Potato Company and Uzzle failed to provide Plaintiff King with a written statement of the terms and conditions of the proffered employment, in violation of the AWPA, 29 U.S.C. § 1821(a), and its attendant regulations, 29 C.F.R. §500.75(b).

77. Uzzle furnished Plaintiff King between July 2004 and October 2004 for agricultural labor grading and packing potatoes on the operations of Jones and Rufs

Potato Company in Hurlock, Maryland.

78. In violation of the AWPA, 29 U.S.C. § 1822(a), Defendants Jones, Rufs Potato Company and Uzzle failed to pay Plaintiff King the promised wages of $5.15 per hour when due. Among other things, these Defendants claimed illegal credits and charges against King's wages for "interest" (routinely at a rate of 100%), rent for substandard housing, and other unaccounted grounds.

79. Defendants Jones, Rufs Potato Company and Uzzle failed to make, keep, and maintain records with respect to the labor of Plaintiff King during the 2004 potato harvest season as required by the AWPA, 29 U.S.C. § 1821(d)(1), and attendant regulations, 29 C.F.R. § 500.80. Among other things, these Defendants failed to make and keep records accurately reflecting and itemizing the credits claimed against this Plaintiff's wages for charges for interest on advances of wages, for rent, for payments on alleged debts, and for charges imposed on other unidentified bases by Defendant Uzzle and Defendants' agents.

80. Throughout the 2004 potato harvest season, Defendants Jones, Rufs Potato Company and Uzzle failed to provide Plaintiff King at the time of payment of wages, with accurate written statements setting forth all the data required to be disclosed pursuant to the AWPA, 29 U.S.C. §§1821(d)(2), and attendant regulations, 29 C.F.R. §500.80. What statements Uzzle showed to Plaintiff King regarding his wages routinely misrepresented the wages paid, and did not itemize the charges imposed against this Plaintiff's wages for interest, rent, payments on alleged debts

and on other unidentified grounds by Uzzle and Defendants' agents.

81.   Over the course of his employment with Defendants Jones, Rufs Potato Company and Uzzle during the 2004 potato harvest season, Plaintiff King resided at the Sunrise Motel in Seaford, Delaware, promised and provided as a benefit of his employment with these Defendants, which was controlled by Uzzle and his agents.

82.   Throughout the period during the 2004 Maryland potato harvest season that Plaintiff King resided at the Sunrise Motel, Uzzle failed to ensure that these facilities conformed to applicable federal and state safety and health standards. Among other things, the facilities were unsanitary, overcrowded and lacked adequate beds for the number of occupants, in violation of the AWPA, 29 U.S.C. § 1823(a).

83.   At no time during the 2004 Maryland potato harvest season was Defendant Uzzle authorized by the Secretary of Labor to provide housing to agricultural workers at the Sunrise Motel. By housing Plaintiff King at the Sunrise Motel without receiving such authorization, Uzzle violated the AWPA, 29 U.S.C. § 1811(a) and its attendant regulations, 29 C.F.R. §500.40.

84. In violation of the AWPA, 29 U.S.C. § 1842, and its implementing regulations 29 C.F.R. §500.71, Defendants Jones and Rufs Potato Company utilized the services of Defendant Uzzle to supply Plaintiff King and other migrant agricultural workers in the Maryland 2004 potato harvest season without first taking reasonable steps to determine that Defendant Uzzle was authorized to engage in all

activities for which he was utilized, including the housing of agricultural workers.

85.  In violation of the AWPA, 29 U.S.C. § 1822(c), Defendants Jones, Rufs Potato Company and Uzzle violated without justification their working arrangement with Plaintiff King by failing to provide the wages, amount of work, gainful employment conditions and housing promised to King at the time of his recruitment, as described in Paragraph 74.

86.  Throughout his employment by Defendants in 2004, in response to his requests for his promised wages, and promised transportation home, Plaintiff King was repeatedly intimidated, coerced and discriminated against by Defendants Uzzle and his agents. Among other things, Plaintiff King was threatened with physical harm if he did not turn over his wages as demanded. By these actions, Defendants intimidated, threatened, restrained, coerced and discriminated against Plaintiff King for exercise with just cause of his rights and protections under the AWPA, in violation of the retaliation prohibition of the AWPA, 29 U.S.C. § 1855(a).

87.  All the acts and omissions alleged in this count were performed by Defendants either directly or through their agents who had actual or apparent authority to carry out such acts and omissions.

88.  The Defendants' violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate acts of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

89.  As result of the violations of the AWPA and its attendant regulations as set forth in this count, Plaintiff King has suffered injuries and damages.

## COUNT V

## (FAIR LABOR STANDARDS ACT)

90.  This count sets forth a claim for damages by Plaintiffs Charles Calicutt, Ricky Gaston, Andrew King and Ryan Smith for declaratory relief and damages for violations of the minimum wage provisions of the FLSA by Defendants Picolata Produce, Rufs Potato Company, Gregory Jones, Mark Jones  and Ronald Uzzle during the periods the Plaintiffs were employed on the operations of these Defendants during the 2003 and 2004 potato harvest seasons.

91.  The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 4 through 12, and 15, 16, 17, 19, 29, 34, 35, 36, 38, 49, 54, 55, 56, 58, 68, 73, 74, 75, 77 and 87 of this Complaint.

92. At all times relevant to this action, Defendants failed to make, keep and preserve accurate payroll records with respect to the Plaintiffs' labor, as required by the FLSA, 29 U.S.C. §211, and its attendant regulations.  Among other things, the Defendants failed to maintain records of the withholdings made and credits claimed against the wages of Plaintiffs for advances on wages, interest, rent for substandard housing, and on other unidentified grounds by Defendant Uzzle.

93.  The Defendants failed to pay each of the Plaintiffs at least $5.15 for each compensable hour of labor performed during every work week each of these Plaintiffs was employed on the Defendants' operations during the 2003 and 2004

potato harvest seasons.

94. The violations of the FLSA set forth in paragraph 93 resulted in part from the unlawful claims of credits by Defendants Picolata Produce, Rufs Potato Company and Jones, by their agents, Defendant Uzzle, Ford and Young against the wages of Plaintiffs of interest charged on advances on wages. The credits claimed for interest on wage advances were made in violation of law, as well exceeding the actual cost of furnishing the advances.

95. The violations of the FLSA set forth in paragraph 93 resulted in part from the unlawful claims of credits by Defendants Picolata Produce, Rufs Potato Company and Jones by their agents, Defendant Uzzle, Ford and Young against the wages of Plaintiffs for alleged debts. The credits claimed for these alleged debts were made in violation of law, as well as exceeding the actual cost of what, if anything, was furnished.

96. The violations of the FLSA set forth in paragraph 93 resulted in part from the  unlawful claims of credits by Defendants Picolata Produce, Rufs Potato Company, and Jones by their agent, Defendant Uzzle against the wages of Plaintiffs for rent for substandard housing. The credits claimed for rent were made in violation of applicable law, as well as exceeding the actual cost of furnishing the housing.

97. The violations of the FLSA set forth in paragraph 93 resulted in part from the Defendants' failure to credit Plaintiffs with all compensable hours worked.

98. The violations of the FLSA set forth in paragraph 93 resulted in part from

32

the unlawful claims of credits by Defendants Picolata Produce, Rufs Potato Company and Jones by their agents, Defendant Uzzle, Ford and Young against the wages of Plaintiffs for charges not disclosed at the time of recruitment.  The credits claimed for these charges were made in violation of law because undisclosed.

99.  The violations of the FLSA set forth in paragraph 93 resulted in part from the unlawful claims of credits by Defendants Picolata Produce, Rufs Potato Company and Jones by their agents, Defendant Uzzle, Ford and Young against the wages of Plaintiffs  on unidentified grounds.  The credits claimed for these charges were made in violation of law because unidentified.

100.  Defendants' violations of the FLSA described in this count were willful, in that the Defendants knew or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

101.  As a result of the violations of the FLSA described in this count, Plaintiffs suffered injury and damages, and are each entitled to recover the amount of unpaid minimum wages due to each and an equal amount as liquidated damages, pursuant to 29 U.S.C. §216(b).

## COUNT VI

(RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT)

(2003 - 2004 Seasons)

102.  This count sets forth a claim by Plaintiffs Charles Calicutt, Ricky Gaston, Andrew King and Ryan Smith for damages and injunctive relief for violations of the RICO by Defendant Ronald Uzzle during the potato harvest seasons in Florida and Maryland during 2003 and 2004.

103.  Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 4 through 12, and 15, 16, 17, 19, 29, 34, 35, 36, 38, 49, 54, 55, 56, 58, 68, 73, 74, 75, 77 and 87 as if set forth fully herein.

104.  Defendant Uzzle together with Defendants' other supervisors and agents, Robert Ford, ("Ford"), and Ronald Eric Young, ("Young"), knowingly and willfully conducted and participated in an organized and unlawful worker exploitation scheme based on a system of coercion and usurious loan sharking against wages, through which Uzzle, Ford and Young took Plaintiffs' wages for their profit, and injured Plaintiffs by depriving of their liberty and earnings through intimidation and coercion, in violation of 18 U.S.C. § 1962(c).

86.  Defendant Uzzle and Defendants' other supervisors and agents Ford and Young conspired to conduct and participate in a worker exploitation scheme using loan sharking and extortion, which conspiracy injured Plaintiffs by depriving them of their liberty and earnings through intimidation and coercion, in violation of 18 U.S.C.

34

§ 1962(d).

87.  In order to conduct and perpetuate their unlawful worker exploitation enterprise, Defendant Uzzle and other agents of Defendants, Ford and Young, knowingly and willfully engaged in a pattern of racketeering activity, and engaged in collection of unlawful debts,  and conspired in these acts, in violation of 18 U.S.C.§1962 (c) and (d).

88.  Defendant Uzzle, Ford and Young  knowingly and willfully committed the following predicate offenses under Section 1961(1)(B) of the RICO, 18 U.S.C. § 1961(1)(B):

a.  Extortion in violation of the extortion and racketeering prohibitions of the Hobbs Act, 18 U.S.C. § 1951; and,

b.  Extortionate extension of credit in violation of the Extortionate Credit Transaction Act, 18 U.S.C. §§891 et seq..

89.  Defendant Uzzle, Ford and Young subjected Plaintiffs Calicutt, Gaston, King and Smith to extortion by wrongfully using threats or violence to induce these Plaintiffs to abandon their property rights to their wages guaranteed by law.  By routinely on the weekly payday threatening the Plaintiffs and other workers with threats of force and physical harm if they did not turn over their wages for the debts Defendant Uzzle,  Ford and Young claimed owed,  Defendant Uzzle, and agents Ford and Young knowingly and willfully engaged in extortion and racketeering activity, attempting to affect or affecting interstate commerce, in violation of 18

U.S.C. § 1951.

91.    By making advances of wages on credit against the earnings and labor of Plaintiffs Calicutt, Gaston, King and Smith, and by making implicit and explicit threats of violence against these Plaintiffs if repayment was not made, Defendant Uzzle, Ford and Young intentionally extended credit to Plaintiffs, with a mutual understanding that the Plaintiffs' failure to repay the loans could result in violence or other criminal action.  By use of express and implicit threats of violence and use of violence against Plaintiffs to induce their repayments of the extension of credit, Defendant Uzzle, Ford and Young knowingly and willfully engaged in extortionate credit transactions with Plaintiffs, in violation of  § 892 of the Extortionate Credit Transaction Act, 18 U.S.C.§§ 891 et seq.

92. In violation of the RICO, 18 U.S.C. § 1962 (c), during the employment of Plaintiffs Calicutt Gaston, King and Smith, Defendant Uzzle, Ford and Young knowingly and willfully repeatedly engaged in collection of unlawful debts, by lending money as wage advances to the Plaintiffs and other workers throughout each pay period, then, on each pay day, imposing excessive illegal interest charges, routinely of 100%, on the debt created against wages.  The charges imposed by Defendant Uzzle, Ford and Young on Plaintiffs' wages constitute collection of unlawful debts, in violation of applicable federal and state laws.    As to the employment of Plaintiffs Calicutt, Gaston and King in Maryland, the debts collected were unlawful because Defendant Uzzle, Ford and Young, as lenders lacked required licenses required by

the Maryland Consumer Loan Law, and the interest rates they charged were usurious, and violated state or federal law, including the Maryland Consumer Loan Law, Md. Code Ann. § 12-302 and §12-306.  Under Florida law, the debts Defendant Uzzle, Ford and Young collected from the earnings of Plaintiffs Gaston, King and Smith were unlawful and violated state or federal law including because extortionate, and because the interest rates Defendant Uzzle, Ford and Young willfully and knowingly charged were usurious, in excess of 45 percent, and violated Florida Statutes §687.071 (3) and (4).

93.  Defendant Uzzle, Ford, and Young are an association, and a group of individuals associated in fact, and thus are an enterprise within the meaning of the RICO, 18 U.S.C. § 1961(4).

94.   Defendant Uzzle, Ford and Young formed ongoing associations for the purpose of executing their worker exploitation scheme and for the purpose of engaging in the racketeering acts of loan sharking, usury, extortion and collection of unlawful debts.

95.  The associations of Defendant Uzzle, Ford and Young were essential to the conduct of their worker exploitation scheme.

96.   Defendant Uzzle, along with Ford and Young, operated and managed the worker exploitation scheme for the enterprise, in which they had interests and in which they participated through a pattern of racketeering activity and collection of unlawful debts.

97.   The enterprise of Defendant Uzzle, Ford and Young regularly moved people and goods across state lines and was engaged in activities affecting interstate commerce.

98.   The predicate acts of racketeering activity described above constitute a pattern of racketeering activity, as defined in the RICO, 18 U.S.C. § 1961(5), in that Defendant Uzzle, as well as Ford and Young repeatedly committed the predicate acts of extortion and racketeering against the Plaintiffs, as well as other workers, as their standard operating procedure in their work exploitation scheme from at least 2003 to 2005.

99.   The incidents of racketeering activity described above are interrelated in the following ways.  The incidents had common participants, (Defendant Uzzle, Ford and Young), and common victims (Plaintiffs Calicutt Gaston, King and Smith and other farmworkers).  They had the same purpose and result of economically benefiting Defendant Uzzle, Ford and Young at the expense of the Plaintiffs and other farmworkers.  Finally they were interrelated, in that without the predicate acts of extortion, violence, and intimidation, paired with the use of the loan sharking and usurious interest charges, Defendant Uzzle and Defendants' agents would not have successfully exploited Plaintiffs out of their rights to wages for their labor.

100.  Since at least 2003 through 2004, these acts of racketeering activity and collection of unlawful debts described above have been a regular part of the operating procedure of the enterprise of Defendant Uzzle, Ford and Young, and

therefore imply a threat of continued racketeering activity

      101.  As a result of the actions of Defendant Uzzle and Defendants' agents in violation of the RICO, 18 U.S.C. §1962 (c) and (d), Plaintiffs have suffered injury and damages.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that this Court will enter an order:

a.      Declaring that Defendants Picolata Produce Farms, Inc., Gregory Jones, Mark Jones and Ronald Uzzle have intentionally violated the AWPA and its attendant regulations, as set forth in Count I;

b.      Granting judgment in favor of Plaintiff Ricky Gaston against Defendants Picolata Produce Farms, Inc., Gregory Jones, Mark Jones and Ronald Uzzle, jointly and severally, on this Plaintiff's claims under the AWPA and its attendant regulations against them as set forth in Count I, and awarding Plaintiff Gaston his actual damages, or statutory damages of $500, whichever is greater, (including pre-judgment and post-judgment interest) for each violation of the AWPA and its attendant regulations set forth in Count I;

c.      Declaring that Defendants Rufs Potato Company, Inc., Gregory Jones, Mark Jones and Ronald Uzzle have intentionally violated the AWPA and its attendant regulations, as set forth in Count II;

d.      Granting judgment in favor of Plaintiffs Charles Calicutt and Ricky Gaston against Defendants Rufs Potato Company, Inc., Gregory Jones, Mark Jones and Ronald Uzzle, jointly and severally, on these Plaintiff's claims under the AWPA and its attendant regulations against them as set forth in Count II, and awarding each of these Plaintiffs his actual damages, or statutory damages of $500, whichever is greater,

(including pre-judgment and post-judgment interest) for each violation of the AWPA and its attendant regulations set forth in Count II;

e.    Declaring that Defendants Picolata Produce, Inc., Gregory Jones, Mark Jones and Ronald Uzzle have intentionally violated the AWPA and its attendant regulations, as set forth in Count III;

f.    Granting judgment in favor of Plaintiffs Andrew King and Ryan Smith against Defendants Picolata Produce Farms, Gregory Jones, Mark Jones and Ronald Uzzle, jointly and severally, on these Plaintiffs' claims under the AWPA and its attendant regulations against them as set forth in Count III, and awarding each of these Plaintiffs his actual damages, or statutory damages of $500, whichever is greater, (including pre-judgment and post-judgment interest) for each violation of the AWPA and its attendant regulations set forth in Count III;

g    Declaring that Defendants Picolata Produce Farms, Inc., Gregory Jones, Mark Jones and Ronald Uzzle have intentionally violated the AWPA and its attendant regulations, as set forth in Count IV;

h.    Granting judgment in favor of Plaintiff Andrew King against Defendants Picolata Produce Farms, Inc., Gregory Jones, Mark Jones and Ronald Uzzle, jointly and severally, on this Plaintiff's claims under the AWPA and its attendant regulations against them as set forth in Count IV, and awarding this Plaintiff his actual damages, or statutory damages of $500, whichever is greater, (including pre-judgment and post-judgment

interest) for each violation of the AWPA and its attendant regulations set forth in Count IV;

i.     Declaring that Defendants Picolata Produce, Rufs Potato Company, Gregory Jones, Mark Jones and Ronald Uzzle have intentionally and willfully violated the FLSA as set forth in Count V;

g.    Granting judgment in favor of Plaintiffs Gaston, King and Smith against Defendants Picolata Produce, Gregory Jones, Mark Jones and Ronald Uzzle, jointly and severally, on these Plaintiffs' claims under the FLSA as set forth in Count V and awarding each of these Plaintiffs his unpaid minimum wages as well as an equal amount in liquidated damages;

h.    Granting judgment in favor of  Plaintiffs Calicutt, Gaston and King against Defendants Rufs Potato Company, Gregory Jones, Mark Jones  and Ronald Uzzle,  jointly and severally, on these Plaintiffs' claims under the FLSA as set forth in Count V and awarding each of these Plaintiffs his unpaid minimum wages as well as an equal amount in liquidated damages;

i.     Declaring that Defendant Uzzle has knowingly and willfully violated the RICO as set forth in Count VI;

j.     Granting judgment in favor of Plaintiffs Calicutt, Gaston, King and Smith against Defendant Uzzle on the claims brought under the RICO as set forth in Count VI and awarding each of these Plaintiffs treble

damages;

k.      Permanently enjoining the Defendants from further violations of the AWPA and its attendant regulations;

l.      Permanently enjoining Defendant Uzzle from further violations of the RICO;

m.      Awarding Migrant Farmworker Justice Project a reasonable attorney's fee with respect to claims under the FLSA and RICO;

n.      Awarding the Plaintiffs the costs of this action; and,

o.      Granting such further relief as this Court deems just and equitable.

Respectfully submitted,


 **s/ Lisa Butler**_____
Lisa Butler
Florida Bar Number 0125474
Florida Rural Legal Services, Inc.
Post Office Box 219
3210 Cleveland Avenue
Fort Myers, Florida 33902
(239) 334-4554 (telephone)
(239)334-3042 (facsimile)
lisa.butler@frls.org

Attorney for Plaintiffs Charles Calicutt,
Ricky Gaston and Andrew King
Trial Counsel


**s/ Gregory S. Schell**_____
Gregory S. Schell
Florida Bar No.  287199
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida   33460-3819
(561) 582-3921 (telephone)
(561)582-4884 (facsimile)
greg@floridalegal.org

Attorney for Plaintiffs Charles Calicutt,
Ricky Gaston, Andrew King and Ryan
Smith
Trial Counsel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve a true and correct copy of the same to counsel for defendants, Sean Sheppard, Esq., Sheppard & Sheppard, P.A..

<u>s/ Lisa Butler</u>